# **EXHIBIT B**

Case 4:21-cv-03301   Document 1-2   Filed on 10/08/21 in TXSD   Page 2 of 17

9/9/2021 11:12 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57085378
By: Wanda Chambers
Filed: 9/9/2021 11:12 AM

CAUSE NO. _____

| | | |
|---|---|---|
| CARMEN RUIZ<br>　　Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | HARRIS COUNTY, TEXAS |
| FIESTA MART, LLC,<br>　　Defendant. | §<br>§<br>§ | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

　　COMES NOW, CARMEN RUIZ ("RUIZ"), Plaintiff, and complains of FIESTA MART, LLC, Defendant, and for cause would respectfully show unto this Court as follows:

**I.**
**Discovery Control Plan**

　　1.　Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

**II.**
**The Parties**

　　2.　Plaintiff, CARMEN RUIZ, is a natural person residing in Harris County, Texas.

　　3.　Defendant, FIESTA MART, LLC, is a corporation that conducts business in Texas and can be served with process by serving its registered agent, C T Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136, or wherever it may be found.

## II.
## Request Pursuant to Rule 28 for Substitution of True Name

4. To the extent that Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendant pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and KIMBERLEY RUIZ hereby demands upon answer to this suit, that Defendant answer in its correct legal and assumed names.

## IV.
## Jurisdiction and Venue

5. This Court has jurisdiction over the parties and subject matter of this cause, and has jurisdiction to grant all relief requested by Plaintiff.

6. The amount in controversy is within the jurisdictional limits of this Court.

7. Venue of this action is proper in Harris County, Texas under, *inter alia*, Sections 15.002(a)(1) and (4) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. Specifically, this suit is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County.

## V.
## Nature of the Case

8. On or about March 31, 2020, Plaintiff was at FIESTA MART, LLC (hereinafter referred to as "FIESTA MART"), at 11006 Airline Drive in Houston, Texas. As Plaintiff was walking through the store, she slipped, landed forcefully on the ground and sustained severe and extensive injuries to her body (the "Fall").

# VI.
# Causes of Action

A. ***FIESTA MART's Premises Liability***

9. RUIZ incorporates by reference the statements made in the above paragraphs as if fully set out herein.

10. There can be no question that RUIZ is an innocent victim in this case. At the time of the Fall, RUIZ was an invitee of FIESTA MART because she was a customer at FIESTA MART. Because said store was open to the public, FIESTA MART extended an invitation to RUIZ to shop at FIESTA MART for the mutual benefit of both parties. Consequently, FIESTA MART, by and through its employee/agents, owed RUIZ the duty to inspect the premises and maintain them in a reasonably safe manner.

11. FIESTA MART was the owner and/or operator of the subject store at the time of the Fall and, therefore, either owned, occupied, or controlled the premises where the Fall and subsequent injury occurred. Such negligence was the proximate cause of RUIZ' damages.

12. The puddle of water left standing on the premises of FIESTA MART posed an unreasonable risk of harm because individuals walking through the store may slip and fall in the puddle of water through no fault of their own and severely injure themselves.

13. FIESTA MART, by and through its employee/agents, knew or should have known of the dangerous condition of the premises of FIESTA MART for numerous reasons including, but not limited to:

    a.    Customers notified FIESTA MART of the dangerous condition at the store or other FIESTA MART stores of similar design and construction around the country;

    b.    FIESTA MART agents, servants, or employees actually witnessed accidents caused by the dangerous condition at the subject store or other FIESTA MART stores of similar design and construction around the country;

    c.    FIESTA MART agents, servants, or employees actually caused the dangerous condition at the subject store or other FIESTA MART stores of similar design and construction around the country;

    d.    FIESTA MART agents, servants, or employees were involved in the design and construction of the dangerous condition at the subject store or other FIESTA MART stores of similar design and construction around the country;

    e.    FIESTA MART agents, servants, or employees actually took precautionary measures regarding the dangerous condition at the subject store or other FIESTA MART stores of similar design and construction around the country;

    f.    FIESTA MART agents, servants, or employees actually took precautionary measures regarding the dangerous condition at the subject store or other FIESTA MART stores of similar design and construction around the country and negligently failed to remove, repair, or otherwise warn of the dangerous condition; and

    g.    The dangerous condition existed long enough at the subject store or other FIESTA MART stores of similar design and construction around the country that FIESTA MART did or should have discovered it upon reasonable inspection.

14.    FIESTA MART breached its duty of care by both failing to make the dangerous condition reasonably safe and/or failing to adequately warn RUIZ of the dangerous condition at the subject store. Each of these acts or omissions, taken alone or collectively, amount to premises liability by FIESTA MART and RUIZ sustained damages as a proximate result of FIESTA MART's conduct. Accordingly, FIESTA MART is liable to RUIZ as a result of its premises liability.

B.  *FIESTA MART's Negligence*

15.  RUIZ incorporates by reference the statements made in the above paragraphs as if fully set out herein.

16.  At the time of the Fall, RUIZ was an invitee at FIESTA MART and, as such, FIESTA MART had a duty to use ordinary care in maintaining the premises in a safe condition by inspecting, or ensuring the inspection of, the property for any dangerous conditions and by making safe any latent defect or providing an adequate warning of any such defect.

17.  FIESTA MART, by and through its employee/agents breached its duty of care by failing to reasonably inspect, or ensure the reasonable inspection of, the property for any dangerous conditions and by failing to make the dangerous condition reasonably safe and/or failing to adequately warn RUIZ of the dangerous condition at the subject store. FIESTA MART, by and through its employees/agents, further breached its duty of care by failing to properly and reasonably hire, train, supervise, retain and/or fire its employees/agents.  Each of these acts or omissions, taken alone or collectively, amount to negligence by FIESTA MART and RUIZ sustained damages as a proximate result of FIESTA MART's conduct.  Accordingly, FIESTA MART is liable to RUIZ as a result of its negligence.

C.  *FIESTA MART's Malicious & Grossly Negligent Conduct*

18.  RUIZ incorporates by reference the statements made in the above paragraphs as if fully set out herein.

19.  FIESTA MART acted with malice, as that term is defined by Civil Practice & Remedies Code §41.001(7). Specifically, FIESTA MART, by and through its

-5-

employee/agents failed to reasonably inspect, or ensure that others reasonably inspected, the premises of FIESTA MART to determine if the premises were safe and acted with total disregard for the circumstances existing at the time.  In the alternative, FIESTA MART, by and through its employee/agents, failed to make the dangerous condition on its premises reasonably safe and/or failed to adequately warn its invitees of same and acted with total disregard for the circumstances existing at the time.

20. When viewed from the perspective of FIESTA MART at the time of the acts or omissions, the acts or omissions of FIESTA MART involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Moreover, FIESTA MART had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Consequently, FIESTA MART is liable to RUIZ for exemplary damages.

## VII.
## Damages

### A. *General Damages of CARMEN RUIZ*

21. As a direct and proximate result of Defendant's negligence, Plaintiff, CARMEN RUIZ, has sustained mental and physical pain and suffering, mental anguish, physical impairment, lost wages in the past, and loss of earning capacity in the future, all of which are in reasonable probability permanent.

22. From the date of the accident in question until the time of trial of this case, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff, CARMEN RUIZ, for each element are as follows:

    a. The physical pain that CARMEN RUIZ has suffered from the date of the accident in question up to the time of trial.

b. The mental anguish that CARMEN RUIZ has suffered from the date of the accident in question up to the time of trial.

      c.    The damages resulting from the physical impairment suffered by CARMEN RUIZ and the resulting inability to do those tasks and services that she ordinarily would have been able to perform.

      d.    The loss of any earnings sustained by CARMEN RUIZ from the date of the incident in question up to the time of trial.

      e.    The disfigurement which Plaintiff has suffered from the date of the incident in question up to the time of trial.

23.    From the time of trial of this case, the elements of damages to be considered which Plaintiff, CARMEN RUIZ, will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

      a.    The physical pain that CARMEN RUIZ will suffer in the future beyond the time of trial.

      b.    The mental anguish that CARMEN RUIZ will suffer in the future beyond the time of trial.

      c.    The damages resulting from the physical impairment that CARMEN RUIZ will continue to suffer in the future and the resulting inability to do those tasks and services that she ordinarily would have been able to perform in the future beyond the time of trial.

      d.    The loss or reduction in Plaintiff's earnings or earning capacity in the future caused by the injuries sustained in the incident in question.

      e.    The disfigurement which Plaintiff will suffer in the future beyond the time of trial.

24.    Because of all of the above and foregoing, Plaintiff, CARMEN RUIZ, has been damaged and will be damaged in an amount within the jurisdictional limits of the Court.

**B.**   *Medical Damages of CARMEN RUIZ*

25.   Further, as a direct and proximate result of Defendant's negligence, it was necessary for your Plaintiff, CARMEN RUIZ, to secure medical and hospital services, including drugs and other medication, and it is reasonably probable that she will require additional medical, hospital and drug services in the future beyond this date.  Plaintiff, CARMEN RUIZ, here now sues for an additional sum within the jurisdictional limits of the Court for past and future medical, hospital and drug services.

**C.**   *Gross Negligence/Malice*

26.   The actions of the Defendant were so heedless and showed such a reckless disregard for the right of others affected by them, and particularly in this instance, as to constitute gross negligence and malice as defined by law.  Such heedless and reckless disregard is more than momentary thoughtlessness, inadvertence or error in judgment. The acts and/or omissions of said Defendant as specifically complained of herein were the result of conscious indifference to the rights, welfare, and/or safety to your Plaintiff. Accordingly, because of such gross negligence and malice, Plaintiff further sues for exemplary and punitive damages in an amount within the jurisdictional limits of the Court.

**D.**   *Prejudgment Interest*

27.   In addition to the above and foregoing allegations, Plaintiff further pleads that he is entitled to prejudgment interest at the highest rate allowed by law.

## VIII.
## Conditions Precedent

28.   All conditions precedent have occurred, have been performed, have been waived or have otherwise been excused.

## IX.
## Miscellaneous

29.     RUIZ respectfully reserves the right to amend and plead further as necessary and as additional facts are uncovered.

## X.
## T.R.C.P. 47©

30.     Pursuant to T.R.C.P. 47©, Plaintiff herenow seeks monetary relief over $250,000.00 but not more than $1,000,000.00.

## XI.
## RULE 193.7 NOTICE

31.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XII.
## Prayer

WHEREFORE PREMISES CONSIDERED, CARMEN RUIZ asks that Defendant be cited to appear and answer, and on final trial, that Defendant be held liable and judgment be rendered for Plaintiff, CARMEN RUIZ as follows:

(a)     All actual, consequential, and special damages;

(b)     Pre-judgment interest as provided by law;

©      Punitive damages as provided by law;

(d)     Post-judgment interest;

(e)     Costs of Court; and,

(f)     Such other and further relief, both general and special, legal and

equitable, to which CARMEN RUIZ may show herself justly entitled.

Respectfully submitted,

**THE TODD LAW GROUP, PLLC**


By: /s/ *Jeffrey N. Todd*

**Jeffrey N. Todd**
State Bar No. 24028048
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
Telephone:  (832) 243-4953
Telecopier:  (713) 583-7818
jeff@jefftoddlaw.com

**ATTORNEYS FOR PLAINTIFF**

-11-

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeffrey Todd on behalf of Jeffrey Todd
Bar No. 24028048
jeff@jefftoddlaw.com
Envelope ID: 57085378
Status as of 9/9/2021 11:19 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dena Kana | | dena@jefftoddlaw.com | 9/9/2021 11:12:16 AM | SENT |
| Jeffrey N. Todd | | jeff@jefftoddlaw.com | 9/9/2021 11:12:16 AM | SENT |
| Julie Rogers | | julie102870@gmail.com | 9/9/2021 11:12:16 AM | SENT |

10/4/2021 10:01 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57831932
By: JIMMY RODRIGUEZ
Filed: 10/4/2021 10:01 AM

CAUSE NO. 2021-57847

| | | |
|---|---|---|
| CARMEN RUIZ | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| FIESTA MART, LLC | § | |
| Defendant. | § | 125TH JUDICIAL DISTRICT |

## DEFENDANT FIESTA MART, LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FIESTA MART, LLC, files this Original Answer to Plaintiff's Original Petition and in support thereof, would respectfully show the Court the following:

### I. General Denial

1. Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

### II. Affirmative Defenses

2. Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

1

5. Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6. Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III. Prayer

FOR THESE REASONS, Defendant FIESTA MART, LLC respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendant FIESTA MART, LLC and orders that Plaintiff takes nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant' judgment against Plaintiff include the following:
   a. Costs of suit; and

b.  Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,
MEHAFFYWEBER, P.C.

By:<u>/s/Maryalyce W. Cox</u>
Maryalyce W. Cox
State Bar No. 24009203
One Allen Center
500 Dallas, Suite 2800
Houston, Texas  77002
Telephone  - (713) 655-1200
Telecopier  - (713) 655-0222
maryalycecox@mehaffyweber.com

ATTORNEY FOR DEFENDANT
FIESTA MART, LLC.

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on October 4 , 2021, pursuant to the Texas Rules of Civil Procedure.

<i>Maryalyce W. Cox</i>
Maryalyce W. Cox

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Qiana Moore on behalf of Maryalyce Cox
Bar No. 24009203
QianaMoore@MehaffyWeber.com
Envelope ID: 57831932
Status as of 10/4/2021 10:35 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey Nash Todd | 24028048 | jeff@jefftoddlaw.com | 10/4/2021 10:01:32 AM | SENT |
| Jeffrey N. Todd | | jeff@jefftoddlaw.com | 10/4/2021 10:01:32 AM | SENT |
| Dena Kana | | dena@jefftoddlaw.com | 10/4/2021 10:01:32 AM | SENT |
| Julie Rogers | | julie102870@gmail.com | 10/4/2021 10:01:32 AM | SENT |
| Qiana Moore | | QianaMoore@MehaffyWeber.com | 10/4/2021 10:01:32 AM | SENT |
| Carmen Garcia | | edocket@mehaffyweber.com | 10/4/2021 10:01:32 AM | SENT |
| Maryalyce Cox | | MaryalyceCox@MehaffyWeber.com | 10/4/2021 10:01:32 AM | SENT |