United States District Court
Southern District of Texas
**ENTERED**
August 31, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Carmen Ruiz, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-21-3301 |
| | § | |
| Fiesta Mart, LLC, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1. *Background.*

On March 31, 2020, Carmen Ruiz was shopping at a Fiesta Mart, LLC, store in Houston. She slipped on a puddle of water, fell, and was injured – including cutting her foot on a piece of metal coming out of a freezer.

Ruiz sued Fiesta Mart for: (a) premises liability; (b) negligence; and (c) gross negligence. Fiesta Mart has moved for summary judgment. It will prevail.

2. *Gross Negligence.*

Ruiz, in her response, conceded her gross negligence claim. It will be dismissed with prejudice.

3. *Negligence.*

Ruiz has pleaded her claims both under premises liability and general negligence. Negligence applies when the injury is caused by a "contemporaneous, negligent activity" itself, while premises liability applies when the injury is caused by the condition created by the activity.[1] "[S]lip/trip-

---

[1] *Occidental Chemical Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016).

and-fall cases have consistently been treated as premises defect causes of action" in Texas.[2] Attempts to artfully plead any other theory of negligence does not override premises liability.[3]

Ruiz clearly confuses how these two theories function. The court believes a brief example may help enlighten her on the subject. A puddle of water – even if created by the property owner – falls under premises liability as the condition itself caused the injury. Negligence claims are reserved for situations where a contemporaneous activity of the property owner causes the injury – a stock boy, while placing items on the top of a shelf, knocks a heavy box onto a customer. The distinction lies between an activity causing injury versus an activity causing a condition causing injury.

Regardless of how many activities or duties Ruiz raises, she offers no *contemporaneous* ones that caused her injury, so her claim solely lies under premises liability.

Ruiz's negligence claim will be dismissed with prejudice.

4.  *Premises Liability.*

To succeed on her premises liability claim, Ruiz must show that: (a) a condition at the store created an unreasonable risk of harm; (b) that Fiesta Mart knew or should have known about; (c) Fiesta Mart did not use reasonable care to reduce or eliminate that risk; and (d) Fiesta Mart's lack of care caused her injuries.[4] Ruiz satisfies the notice prong – actual or constructive – by showing that: (a) Fiesta Mart placed the substance on the floor; (b) Fiesta Mart actually knew it was there; or (c) it is more likely than not that the condition existed long enough to give Fiesta Mart a reasonable opportunity to discover it.[5]

---

[2] *Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 391 (Tex. 2016).

[3] *See E.I. DuPont de Nemours & Co. v. Roye*, 447 S.W.3d 48, 57 (Tex. App.—Houston [14th Dist.] 2014).

[4] *Henkel v. Norman*, 441 S.W.3d 249, 251-52 (Tex. 2014).

[5] *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

As an initial matter, Ruiz spend most of her response yelling generalized legal principles rather than responding to the motion itself. Her goal is to show a genuine dispute of material *fact*, not present a law review article on slip-and-fall theories. The court is largely forced to assume arguments on her behalf. If Ruiz would have spent time arguing the facts rather than pontificating, her response would have been more persuasive.

Ruiz says that two conditions caused her injuries: a puddle of water and a hanging metal strip off the freezer. It is undisputed that puddles of water and metal strips are dangerous; however, Fiesta Mart's duties to clean up the water or mark the area with cones or signs do not begin until it was or should have become aware of them. Notice is the crux of the dispute.

Ruiz gives no evidence to suggest that Fiesta Mart had actual knowledge of the water or metal. She focuses on the first and third options.

Ruiz argues that Fiesta Mart placed the water on the floor. She testified that the freezer was leaking. This self-serving testimony, however, is inadequate alone to create a genuine dispute of fact.

The other "evidence" that Ruiz tries to give is Fredrico Rodriguez's, the assistant store manager, testimony where he said he had called for technicians to fix leaks at the store. Rodriguez did not say when or on what the repairs were made. Ruiz – at best – merely speculates that it could be the freezer in question in the time frame in question. The repair record in the time frame was a drain clog that was fixed a month earlier. Her apparent skepticism does not create a genuine dispute of fact.

Ruiz also complains that no photos were taken, Fiesta Mart did not investigate the source of the water, and it did not properly train its workers how to investigate. Ruiz confuses the burden. It is not Fiesta Mart's burden to prove the water did not come from the freezer, but her's to prove it did. Nothing was stopping Ruiz from taking her own photos.

Ruiz also argues that Fiesta Mart should have known the water and metal piece were there. She says that it was roughly a half a gallon of water. She selectively highlights John Schumacher's, Fiesta Mart's corporate representative, testimony where he said that much water would take "a long time" to leak onto

the floor. Reading the statement in full reveals that it was contingent on if the freezer was leaking. Because Ruiz has no evidence that it was leaking, this twisting of testimony is inadequate.

Ruiz also mentions testimony about a store policy of floor sweeps every 30 minutes. Even if the court were to accept that store policy creates a definitive legal duty, Ruiz offers no evidence to even hint how long the water or metal were there – which is *her* burden. Speculation is insufficient.

Ruiz also points to repairs for leaking freezers in another store. This is not evidence of leaks in this store, nor is it evidence that this store should be on some heightened notice that leaks are possible.

Because Ruiz cannot show that Fiesta Mart had notice of the water or metal, her premises liability claim fails.

5. *Conclusion.*

Carmen Ruiz will take nothing from Fiesta Mart, LLC.


Signed on August 31, 2022, at Houston, Texas.


Lynn N. Hughes
United States District Judge